## LAW AND EQUITY COURT OF THE CITY OF RICHMOND

Johns-Manville Sales Corp.

v.

Carper & Mace Corp.

1963

Case No. A-6073

By JUDGE ALEX H. SANDS, JR.

This action is instituted by plaintiff to recover of defendant the price of certain materials alleged to have been delivered by plaintiff to defendant under certain franchise agreements existing between plaintiff and defendant and for which payment is allegedly due. Plaintiff lists the items composing its claim and has its pleading duly verified. Paragraph # 1 and the first sentence of paragraph # 2 of the grounds of defense filed by defendant denies indebtedness in the amount sued for. In view of these allegations it would seem that paragraph # 4 of the grounds of defense should be taken rather as a denial of the accuracy of the plaintiff's accounting than an admission by defendant that there was some amount due plaintiff. The grounds of defense, in addition to the general denial of indebtedness set up in paragraph # 3, set forth certain specific items of offsets claimed and then presents a counterclaim in which defendant, exclusive of the specific offsets claimed in the grounds of defense, claims the plaintiff to be indebted to the defendant in an amount in excess of the original claim. Both grounds of defense and counterclaim are duly verified.

Plaintiff contends that its motion for judgment is a sworn statement of account in contemplation of Code sec. 8-511, that plaintiff is entitled to judgment at this time under sec. 8-511 for the amount of plaintiff's

claim less the specific offsets claimed and that the counterclaim is a separate and independent proceeding which can and should be litigated by defendant at some subsequent time and should not delay plaintiff's right to have judgment upon his sworn account at this time.

Defendant's position, on the other hand, is that (a) sec. 8-511 has no application to this suit which is upon contract and not upon open account and (b) that in any event that the counterclaim is in the nature of an offset which defendant is entitled to assert against plaintiff's claim and which, as to so much thereof as is proven, must be so offset before the true state of the balance between the parties can be determined.

Defendant's first contention is considered to be without merit. Sec. 8-511 by its express language applies to "any action at law on a contract, express or implied, for the payment of money." This language would certainly cover plaintiff's cause of action, in whatever category it might be placed.

Defendant's second contention, however, appears sound. The counterclaim here asserted is in the nature of and can be considered as a setoff to plaintiff's claim. Code sec. 8-239. While formerly an unliquidated claim could not be offset against a liquidated claim, *Christian v. Miller*, 30 Va. (3 Leigh) 78 (1831), this may now be done, Rule 3:8. Moreover a defendant having a demand against a plaintiff has the election of either claiming it as an offset in the plaintiff's action or bringing a separate action therefor. *Morgan v. Carson*, 34 Va. (7 Leigh) 238 (1836).

Where, as here, he elects to claim by way of setoff against plaintiff's claim (for this is the effect of his counterclaim) while the Court can, in its discretion, order a separate trial of such counterclaim, it is believed that this discretion should be exercised where for procedural or other reasons the matter can better be handled in separate trials. It is not thought that a separate trial should be ordered under circumstances such as those here presented. As a matter of fact, as heretofore stated, it would be difficult if not impossible to arrive at a final determination of plaintiff's claim without disposing of defendant's counterclaim.

For the above reasons, it is held that the plaintiff is not entitled, under sec. 8-511, for judgment at this time on any part of his claim and that the principal

claim of plaintiff and the counterclaim of defendant should be tried together upon the trial date heretofore assigned.